UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC | ) |
| | )    CASE NO. 1:23-cv-1691 |
|     Plaintiff, | ) |
| | )    JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) |
| | ) |
| JOHN DOE, subscriber assigned | )    **MEMORANDUM OPINION** |
| IP address 71.73.73.137, | )    **AND ORDER** |
| | ) |
|     Defendant. | ) |

Before the Court is Plaintiff's Motion for a Protective Order and for an Order Overruling Defendant's Objection to Its Subpoena (the "Motion"). (Doc. No. 7.) For the following reasons, the Motion is DENIED.

### I. Background

Plaintiff previously moved this Court for leave to file a subpoena "so that Plaintiff may learn Defendant's identity . . . and effectuate service. . . . Without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit . . . ." (Doc. No. 6 at 47-48.) The Court granted leave to file the subpoena on Spectrum. (*See* Order (September 8, 2023).)

On August 29, 2023, this Court entered an Initial Standing Order ("ISO"), which provides in Section VII: "Before filing a document with redactions, the party must seek leave to do so, explaining the basis for each redaction requested, certifying that the party has conferred with the producing party and the producing party's position (if the party did not produce the

1

document), and simultaneously providing unredacted versions of the document at issue with the proposed redactions highlighted or otherwise marked to the Court for review." (Doc. No. 5 at 42.)[1]

In a footnote, Plaintiff's motion states that it "redacted Defendant's identifying information in its exhibit." That exhibit appears to be redacted where the sender's name and contact information would be. (Doc. No. 7-1.) Plaintiff did not comply with any aspect of Section VII of the ISO in filing Document No. 7-1. Plaintiff did not have approval to file this redacted exhibit.

Instead, Plaintiff filed the present Motion pursuant to Fed. R. Civ. P. 26(c) to avoid having to identify the defendant by name. Plaintiff asks that the defendant be permitted to proceed as "John Doe" during this litigation. (Doc. No. 7 at 86; Doc. No. 7-2 at 89-90.)

**II.    Law and Analysis**

Rule 26(c)(1) provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c)(1).

"As a general matter, a complaint must state the names of all parties." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)). "Under certain circumstances, however, the district court may allow a [party] to proceed under a pseudonym by granting a protective order." *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). But that is only in an

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

exceptional case. *See id.* (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam)). The Sixth Circuit affirmed a district court's denial of a protective order to proceed anonymously where the motion "did not articulate concerns that outweigh the presumption of openness in judicial proceedings." *Id.* The decision whether to issue a protective order in these situations is committed to a district court's discretion. *Doe v. Carson*, No. 19-1566, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020).

The Motion does not identify exceptional circumstances. In fact, the Motion does not specify any reason particular to this case or this potential defendant that would justify a departure from open judicial proceedings. Instead, the Motion argues a point that if accepted would support initial anonymity for any defendant whose alleged conduct is described in any civil complaint:

> Allowing Defendant to proceed under the pseudonym "John Doe" will safeguard Defendant's identity while allowing Plaintiff to investigate its claim and protect its copyrights. It will also give Defendant the opportunity to seek counsel, prepare a defense, or request additional protections while Plaintiff prosecutes its claim.

(Doc. No. 7 at 86.)

Plaintiff's Motion is contrary to Sixth Circuit precedent. *See Doe v. Carson*, No. 19-1566, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020) (holding that general concerns about stigma did not suffice to allow a party to proceed anonymously).

> Several considerations determine whether a [party's] privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the [parties] seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [parties] to disclose information "of the utmost intimacy"; (3) whether the litigation compels [parties] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [parties] are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The first, third, and fourth *Porter* factors are

not applicable.

As for the second *Porter* factor, the Court finds that naming the defendant in this case does not reveal "the utmost intimacy." If another defendant was accused of using BitTorrent technology to download copies of other types of copyright-protected movies, there likely would be no argument for anonymity. An adult viewing adult films in his own home is not illegal. *See generally Stanley v. Georgia*, 394 U.S. 557 (1969). There is no basis to treat individuals in BitTorrent downloading cases differently simply because of the type of movie they wish to view.

Finally, Plaintiff asks this Court to "overrule Defendant's conclusory objection to its subpoena so that the ISP may respond to it." (Doc. No. 7 at 86.) As stated above, Plaintiff moved this Court for permission to serve the subpoena on Spectrum so that Plaintiff could ascertain the name of the customer using the IP address specified in the complaint. (Doc. No. 6 at 47-48.) The motion was granted. (*See* Order (September 8, 2023).)

Spectrum, the entity upon whom the subpoena was to be served, has not filed an appearance or a motion to quash or modify the subpoena. The sender of the letter attached to the Motion was not the recipient of the subpoena issued from this Court. (Doc. No. 7; *see also* Order (9/8/2023).) Nor is the sender of that letter currently a party before this Court. This Court does not have authority to rule on an "objection" from an unidentified letter writer with no pending filing or business before this Court.

### III. Conclusion

Plaintiff's Motion for a Protective Order and for an Order Overruling Defendant's Objection to Its Subpoena is DENIED. Plaintiff is ORDERED to file a non-redacted version of Document No. 7-1 by November 20, 2023. Failure to comply with this order or any other order

4

of this Court could result in sanctions, including dismissal of the complaint for want of prosecution.

**IT IS SO ORDERED.**

**Date:** November 15, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE